IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 19 B 17778 |
| | ) | |
| HAMAKOR GROUP, LLC, | ) | Chapter 11 |
| | ) | |
| DEBTOR. | ) | Honorable LaShonda A. Hunt |

NOTICE OF MOTION

TO:  Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
     Ben L Schneider    ben@windycitylawgroup.com,
     mstone@windycitylawgroup.com;ebrandes@windycitylawgroup.com

Hamakor Group, LLC
6289 W. Howard St.
Niles, IL   60417

PLEASE TAKE NOTICE that on July 3, 2019 at 10:30 a.m., we shall appear before Her Honor, Bankruptcy Judge LaShonda A. Hunt, or any other Judge sitting in that Judge's stead, in the courtroom 719 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, or any other room in which she may be presiding, and then and there seek the entry of a Motion for Relief from the Automatic Stay.

                                    SANFORD KAHN, LLP

                                    /s/ Robert A. Kahn_____
                                    One of its Attorneys

SANFORD KAHN, LLP
Attorney for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778

CERTIFICATION OF VERIFICATION

I, Robert Kahn, the undersigned attorney, certify that I served this Notice of Filing, together with the attached Motion, by sending a copy to the above-named parties via the U.S. Bankruptcy Court's electronic filing system and by mailing a copy to the Debtor at the above-stated address, by depositing same in the U.S. mail at 180 North LaSalle Street, Chicago, Illinois 60601, at or before 5:00 p.m. on June 25, 2019 with proper postage prepaid.

                                    /s/ Robert A. Kahn_____
                                    Robert A. Kahn

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) NO. 19 B 17778 |
| | ) |
| HAMAKOR GROUP, LLC, | ) Chapter 11 |
| | ) |
| DEBTOR. | ) Honorable LaShonda A. Hunt |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes movant, Howard Industrial, LLC, by its attorneys, Sanford Kahn, LLP, and moves this Court for Relief from the Automatic Stay in this matter and for such other relief, and in support thereof states as follows:

1. That the debtor has filed its Petition under Chapter 11 of the U.S. Bankruptcy Code on June 21, 2019.

2. That the debtor is a tenant of movant/landlord at 6289 West Howard Avenue, Niles, Illinois 60417, and is in arrears in pre-petition rent to movant in the amount of $62,836.60 representing rents due through June, 2019.

3. That on January 14, 2019 movant served a 5-days' notice for non-payment of rent upon said debtor. A copy of the Notice of Termination is attached hereto as Exhibit A.

4. Upon debtor's failure to pay such rent, the debtor's tenancy was terminated and on January 28, 2019, movant filed a case in forcible entry and detainer seeking possession of the premises as well as a money judgment for all unpaid rents in case No. 19 M2 000483 in the Circuit Court of Cook County, Illinois.

5. On March 22, 2019, the Court entered an eviction order and money judgment against defendant/debtor. A true and correct copy of such Order is attached as Exhibit "B".

6. Thereafter, defendant retained an attorney and had the Order vacated. The case was then set for trial.

7. On May 17, 2019 at 10:00 a.m., defendant's attorney was granted leave to withdraw from the case on the basis that he was "duped" by the defendant/debtor. At that time, defendant appeared in court and informed the Judge that he had a new attorney and that the attorney could only appear at 4:00 p.m. that day. Thus, the Judge held the case on call for several hours and set the case for trial at 4:00 p.m.

8. In an effort to delay the proceedings, at around 2:00 p.m. on May 17, 2019, defendant submitted to plaintiff's counsel an appearance of attorney "Adam Salazar" and a Notice of Bankruptcy Case Filing showing that Hamakor Group, LLC had filed bankruptcy in case no. 19-14258. A true and correct copy of "Adam Salazar's" appearance is attached as Exhibit "C" and the defendant's Notice of Bankruptcy filing is attached hereto as Exhibit "D".

9. After doing research, it was discovered that no attorney named "Adam Salazar" was licensed to practice law in Illinois.

10. More disturbingly, it was discovered that the defendant's Notice of Bankruptcy was a **fraudulent document created by defendant**.

11. Defendant failed to appear in court at 4:00 p.m. and as a result, after doing its own research, the Court verified the allegations contained in paragraph 8 herein and, at the Court's expense, brought a court reporter to make a record of defendant's fraudulent conduct.

12. On May 17, 2019, the case proceeded to trial and at that time, the Judge entered an immediate eviction order as well as a money judgment in the amount of $55,208.61. A true and correct copy of such Order is attached hereto as Exhibit "E".

13. On May 17, 2019, the Judge also entered a Rule to Show Cause against defendant and made such Rule returnable on May 31, 2019. A true and correct copy of the Order is attached hereto as Exhibit "F".

14. On May 23, 2019, defendant filed a motion and noticed it for June 28, 2019. (Movant never received a copy of such motion.)

15. On May 31, 2019, the Court accelerated and struck such Motion because it was filed by attorney "Adam Salazar", who does not exist. See Court Order dated May 31, 2019 attached hereto as Exhibit "G".

16. On June 3, 2019, defendant filed another motion, and set it for June 21, 2019. This motion was purportedly filed by attorney "Catherine L. Grahn." Plaintiff never received a copy of such motion, but the court's online docket is attached as Exhibit "H" showing that such motion was filed.

17. Upon looking into such motion, it was discovered that attorney Catherine L. Grahn **had retired and was not authorized to practice law.** A true and correct copy of such information from the ARDC website is attached hereto as Exhibit "I".

18. On June 7, 2019, one of the person's operating and involved with Debtor was indicted for bank fraud and identity theft. A true and correct copy of such newspaper article is attached hereto as Exhibit "J".

19. On June 21, 2019, the Judge denied defendant's motion and entered an Order stating that "Defendant shall not be allowed to file any motion whatsoever in this case without prior leave of court. The Sheriff shall immediately execute the Eviction Order placed with the sheriff for eviction. **It appears that the Defendant is perpetrating a fraud upon the Court**." A true and correct copy of such Order is attached hereto as Exhibit "K".

20. Thereafter, the sheriff scheduled the eviction.

21. On June 21, 2019, plaintiff received this Notice of Bankruptcy Case Filing by attorney Ben L. Schneider.

22. The Court should grant movant's relief from the automatic stay immediately based upon the fraudulent actions of the debtor.

23. Further, there is no issue that Illinois law determines whether debtor's lease was

terminated before the bankruptcy. Matter of Williams, 144 F.3d 544 (7th Cir. 1998); In re Finkley, 203 B.R. 95 (Bankr. N.D. Ill. 1996). See Mars-Winn Co., Inc. v. Giberson Elec., Inc., 103 F.3d 584 (7th Cir. 1996) (federal courts look to state law to determine debtor's property interest). As the United States Supreme Court recently stated:

Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the state. (Citations omitted.) This proposition, fundamental to our system of federation, is applied to procedural as well as substantive rules. Johnson v. Fankell, 520 U.S. 911, 117 S.Ct. 1800, 1804, 138 L.Ed.2d 108, 115 (1997).

Thus the interpretation of the relevant Illinois statutes governing termination of tenancies by the Illinois Supreme Court is binding on federal courts, and this Court cannot employ federal law or non-Illinois law to determine whether the debtor's lease was terminated under Illinois law prior to the filing of her bankruptcy petition.

24. Further, in Chadwick v. Parker, 44 Ill. 326 (1867), the Illinois Supreme Court had the earliest occasion to consider the effect of the tenant's failure to comply with a landlord's statutory five-day (then ten-day) notice. In Chadwick, the tenant failed to pay rent and the landlord served a 10-days' notice. The tenant failed to pay the rent due within the 10 days and the landlord filed his action in forcible detainer for possession. Following a jury verdict for possession in favor of the landlord, the tenant appealed to the Supreme Court. After discussing the recently enacted forcible entry and detainer statute, the Court noted that the rent default in itself did not effect a termination of the lease, but rather the legislature intended that the tenant could avoid a forfeiture for such default by paying the rent within the 10-day period, and held that upon the tenant's failure to cure the rent default within the 10-day period, his lease became forfeited, therefore affirming the jury verdict in favor of the landlord for possession:

In this case more than ten days elapsed after the notice was given, and the suit was brought, and the appellant should, to prevent a forfeiture, have tendered the rent in arrear before the expiration of ten days from the time the notice was served. We

have seen that the statute gave him this right; but, failing to pay, his lease became forfeited, and appellee had a right to maintain his action.
44 Ill. at 336.

25. Because debtor's lease had been terminated under Illinois law prior to the filing of the bankruptcy petition and Debtor was ordered to vacate the premises, they cannot cure the default and assume the lease in bankruptcy. The majority of courts considering this question have so ruled. For example, in <u>In re Maxwell</u>, 40 B.R. 231 (N.D. Ill. 1984), this Court held:

> It has been conclusively established that a bankruptcy court cannot resurrect a lease that has been terminated prior to the filing of bankruptcy. (Citations omitted). Leases terminated before bankruptcy are simply not assumable by the trustee.
> 40 .R. at 236.

26. That to restrain movant from dispossessing the debtor from the premises following the pre-petition termination of the debtors tenancy, the filing of a state court action, the entry of an eviction Order and the defendant's clearly fraudulent actions is not proper under Section 362(d) of the Bankruptcy Code, and the stay should be vacated to allow movant to proceed with eviction proceedings against Debtor with said Order to be effective immediately.

WHEREFORE, movant prays for the following relief:

    a. That this Court grant movant relief from the automatic stay.

    b. That the stay provisions of Rule 4001 (a) (3) of the Federal Rules of Bankruptcy Procedure be waived so as to allow the Order to be effective immediately.

    c. For such other relief as the Court deems just.

Howard Industrial, LLC

By: /s/ Robert A. Kahn
One of its Attorneys

SANFORD KAHN, LLP
Attorneys for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
rob@sanfordkahnllp.co